UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RONALD STEVENS LIBERATORE,

    Plaintiff,

  v.

STATE OF CALIFORNIA,

    Defendant.

Case No. 16-cv-3439-TEH

ORDER OF DISMISSAL WITH LEAVE TO AMEND

Plaintiff, an inmate at San Quentin State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff has paid the filing fee. His complaint is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A.

I

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pleadings filed by pro se litigants, however, must be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir.

1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

## II

Plaintiff presents various allegations regarding his time in prison including the confiscation of property.

Neither the alleged negligent nor intentional deprivation of property states a due process claim under § 1983 if the deprivation was random and unauthorized. Parratt v. Taylor, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Hudson v. Palmer, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property). The availability of an adequate state post-deprivation remedy, e.g. a state tort action, precludes relief because it provides adequate procedural due process. King v. Massarweh, 782 F.2d 825, 826 (9th Cir. 1986). California law provides an adequate post-deprivation remedy for any property deprivations. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

It is difficult to discern the exact nature of Plaintiff's allegations. He states that correctional officers confiscated his headphones and perhaps his television. He also describes improper medical care from 1993 to 2000 at California Medical Facility in Vacaville and at U.C. Davis Hospital. He also states

that computers are disrupting his bodily functions.

Plaintiff's allegations fail to state a claim; therefore the complaint is dismissed with leave to amend.  With respect to the deprivation of property, Plaintiff must address the post-deprivation remedy provided by the state.  Plaintiff's medical claims appear time barred and occurred in the Eastern District of California.  Plaintiff's remaining allegations are frivolous.  If Plaintiff files an amended complaint he must identify the specific defendants and describe how they violated his constitutional rights.

III

For the foregoing reasons, the Court hereby orders as follows:

1. Plaintiff's Complaint is DISMISSED WITH LEAVE TO FILE A FIRST AMENDED COMPLAINT, within twenty-eight days containing all related claims against all Defendants that Plaintiff wishes to proceed against in this action.  The pleading must be simple, concise and direct and must state clearly and succinctly how each and every Defendant is alleged to have violated Plaintiff's federally-protected rights.  See Leer, 844 F.2d at 634.  The pleading must include the caption and civil case number used in this order and the words COURT ORDERED FIRST AMENDED COMPLAINT on the first page.  Plaintiff is advised that he must file all of his claims in one complaint and not present them piecemeal to the Court in various letters and other documents.  Failure to file a proper First Amended Complaint within twenty-eight days of this order will result in the dismissal of this action.

        2. Plaintiff is advised that the First Amended Complaint will supersede the original Complaint and all other pleadings. Claims and defendants not included in the First Amended Complaint will not be considered by the Court. See <u>Lacey v. Maricopa County</u>, 693 F.3d 896 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled.").

        3. It is Plaintiff's responsibility to prosecute this action.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

        IT IS SO ORDERED.

Dated: 7/21/2016

                                        THELTON E. HENDERSON
                                        United States District Judge

G:\PRO-SE\TEH\CR.16\Liberatore3439.dwlta.docx