UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD STEVENS LIBERATORE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF CALIFORNIA,<br><br>　　　　Defendant. | Case No.  16-cv-3439-TEH<br><br>ORDER OF DISMISSAL WITH LEAVE TO AMEND |

　　Plaintiff, an inmate at San Quentin State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983.  The original complaint was dismissed with leave to amend and Plaintiff has submitted a letter (Docket No. 9) that the Court has construed as an amended complaint.

　　　　　　　　　　　　　　　　I

　　Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  Id. § 1915A(b).  Pleadings filed by pro se litigants, however, must be liberally construed.  Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010);

Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

## II

Plaintiff presents various allegations regarding his time in prison including the confiscation of property and improper medical care.

Neither the alleged negligent nor intentional deprivation of property states a due process claim under § 1983 if the deprivation was random and unauthorized.  Parratt v. Taylor, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Hudson v. Palmer, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property).  The availability of an adequate state post-deprivation remedy, e.g. a state tort action, precludes relief because it provides adequate procedural due process.  King v. Massarweh, 782 F.2d 825, 826 (9th Cir. 1986).  California law provides an adequate post-deprivation remedy for any property deprivations.  Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment.  Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin

v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need.  Id. at 1059.

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain."  Id.  The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a "serious" need for medical treatment.  Id. at 1059-60.

A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference."  Id.  If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.  Gibson v. County of Washoe, 290 F.3d 1175, 1188 (9th Cir. 2002).  "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim."  Franklin v. Oregon, 662 F.2d

3

1  1337, 1344 (9th Cir. 1981).

2  The original complaint was dismissed with leave to amend
3  because it was difficult to discern the exact nature of
4  Plaintiff's allegations.  The allegations of the amended
5  complaint are similarly confusing.

6  Plaintiff states that a state official talks to him through
7  his computer and stopped his television earphones from working.
8  He also describes several medical problems, but the allegations
9  are vague and many of them occurred from 1993 to 1997 which are
10 time barred.  The complaint will be dismissed and Plaintiff will
11 be provided one final opportunity to present his claims, identify
12 specific defendants and describe how they violated his
13 constitutional rights.  With regard to his medical claims he must
14 describe how Defendants were deliberately indifferent to his
15 serious medical needs.

16                                III

17 For the foregoing reasons, the Court hereby orders as
18 follows:

19 1. Plaintiff's Complaint is DISMISSED WITH LEAVE TO FILE A
20 SECOND AMENDED COMPLAINT, within twenty-eight days containing all
21 related claims against all Defendants that Plaintiff wishes to
22 proceed against in this action.  The pleading must be simple,
23 concise and direct and must state clearly and succinctly how each
24 and every Defendant is alleged to have violated Plaintiff's
25 federally-protected rights.  See Leer, 844 F.2d at 634.  The
26 pleading must include the caption and civil case number used in
27 this order and the words COURT ORDERED SECOND AMENDED COMPLAINT
28 on the first page.  Plaintiff is advised that he must file all of

his claims in one complaint and not present them piecemeal to the Court in various letters and other documents. Failure to file a proper Second Amended Complaint within twenty-eight days of this order will result in the dismissal of this action.

2. Plaintiff is advised that the Second Amended Complaint will supersede the original Complaint and all other pleadings. Claims and defendants not included in the Second Amended Complaint will not be considered by the Court. See <u>Lacey v. Maricopa County</u>, 693 F.3d 896 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled.").

3. It is Plaintiff's responsibility to prosecute this action. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: 9/6/2016

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\CR.16\Liberatore3439.dwlta2.docx