UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD STEVENS LIBERATORE,<br><br>        Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA,<br><br>        Defendant. | Case No.   16-cv-3439-TEH<br><br>ORDER OF DISMISSAL |

Plaintiff, an inmate at San Quentin State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983. The amended complaint was dismissed with leave to amend and Plaintiff has submitted two letters (Docket Nos. 11, 12) that the Court has construed as a second amended complaint.

I

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pleadings filed by pro se litigants, however, must be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010);

*Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## II

Plaintiff presents various allegations regarding the confiscation of property and improper medical care.

Neither the alleged negligent nor intentional deprivation of property states a due process claim under § 1983 if the deprivation was random and unauthorized. *Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), overruled in part on other grounds, *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property). The availability of an adequate state post-deprivation remedy, e.g. a state tort action, precludes relief because it provides adequate procedural due process. *King v. Massarweh*, 782 F.2d 825, 826 (9th Cir. 1986). California law provides an adequate post-deprivation remedy for any property deprivations. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other

grounds, <u>WMX Technologies, Inc. v. Miller</u>, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need.  <u>Id</u>. at 1059.

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain."  <u>Id</u>.  The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a "serious" need for medical treatment.  <u>Id</u>. at 1059-60.

A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994).  The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference."  <u>Id</u>.  If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.  <u>Gibson v. County of Washoe</u>, 290 F.3d 1175, 1188 (9th Cir. 2002).  "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim."  <u>Franklin v. Oregon</u>, 662 F.2d 1337, 1344 (9th Cir. 1981).

3

The original and first amended complaints were dismissed with leave to amend because it was difficult to discern the exact nature of Plaintiff's allegations.  The allegations of the second amended complaint are similarly confusing.

To the extent Plaintiff still argues that state officials have confiscated or broken his headphones, he has failed to state a claim due to the availability of an adequate state post-deprivation remedy.  With regard to his medical claims he has failed to present plausible allegations concerning how Defendants were deliberately indifferent to his serious medical needs.  Many of Plaintiff's allegations concern medical care in the 1980s and 1990s which are time barred.  To the extent he wishes to challenge his denial of parole he must file a habeas petition.  Plaintiff's allegations are meritless and frivolous, and fail to state a claim.  Because no amount of amendment could cure the deficiencies in this complaint, the action is dismissed with prejudice.

                                III

For the foregoing reasons, the Court hereby orders as follows:

1.  Plaintiff's complaint is DISMISSED with prejudice as frivolous and for failure to state a claim.

2.  The Clerk shall close this case.

IT IS SO ORDERED.

Dated: 10/11/2016

                                    _____
                                    THELTON E. HENDERSON
                                    United States District Judge

G:\PRO-SE\TEH\CR.16\Liberatore3439.dis.docx

4